The court now calls agenda number 10 on 116927, Mary Slepicka v. State of Illinois. Are you ready to proceed? Both sides? You may proceed with the argument. Thank you, Madam Chief Justice. May it please the court and counsel, My name is Duane Young. I'm representing the plaintiff here who brought her an administrative appeal. As the court knows, we're here to figure out whether the trial court or the appellate court correctly exegeted the terms of the general venue provision of the administrative law under Article III of the Code. There is also a lurking issue in this case. The appellate court basically determined or made the decision on its own motion. There was no cross appeal. But then it also resolved the issue of the consequences of an impermissible venue in favor of the plaintiff. And there is that mischievous or lurking appeal issue in this case, evidenced I think by the red brief that was filed, whether or not that was an issue before the court. So with the court's permission, I'd like to reserve a little more time to address the defendant's arguments on that. And I recognize that they're divided on that issue, that I would just as soon address that issue separately. With that then, the issue is whether or not the filing of the administrative review in this case in the Sangamon County Circuit Court was proper or not. We submit that Section 3-104 of the administrative review law is very broadly written. It has very generous terms with respect to venue. It reads that the administrative review case can be filed in any county, in the circuit court of any county, in which any part of the hearing or proceeding culminating in the decision of the agency was held. As the court will recognize from the briefs and the issues before it, this basically comes down to arguing about what the meaning of three different terms are, hearing, proceeding, and held. The appellate court, using the seventh edition of Black's Law Dictionary, basically determined that held, defined held in a grudging manner such that he held that no part of the proceeding or hearing in this case was held in Sangamon County. And the part we obviously disagree with the appellate court most on is the suggestion that when the assistant director, who is standing in the place of the director in this case, retired to her office to write the decision, which emanated then from Springfield-Sangamon County, that that wasn't part of a hearing or proceeding. And we think that if the court, and we respectfully suggest that if the court gives the venue statute its plain meaning and reads it all in harmony and gives the words that are used their plain meaning, clearly a part of this proceeding took place in Sangamon County where the assistant director actually, according to the appellate court, presumed that she composed her decision there, and we know that it emanated from Sangamon County. As I indicated before, the second issue then is supposing that this court determines that the appellate court was correct and there was an impermissible venue, then what are the consequences of that? That issue the appellate court determined is rescued by the rest of the Code of Civil Procedure where venue is not jurisdictional and so long as there is a court to which the matter could be transferred. In fact, the decision of the appellate court in this instance was basically to vacate the decision of the circuit court in order that the circuit court on remand transfer the case to Cook County. Counsel, doesn't it mean then, if that's true, that some sort of prejudice has to occur for that error to reverse the circuit court? I'm sorry. I didn't. Well, if its venue error isn't jurisdictional, as you just said, then doesn't there have to be some sort of prejudice from that error to reverse the circuit court? I agree. There would be some sort of prejudice would have to fasten to it, but they vacated a decision and just said transfer it to Cook County where, by statute, when it lands there it is to be treated as if it had always been there. What's the prejudice that occurred for the circuit court to be reversed? Well, only the delay. You know, in this case, under the Nursing Home Care Act, as a matter of fact, there's a provision in it that said these cases are to be given precedence, and one of the reasons for filing in Sangamon County and in the Fourth District appellate court is to cut off a lot of delay in the proceeding itself. So obviously a prejudice. But that was dealt with in this instance because a friend stepped up and actually paid the monies which would have required, you know, which rescued her from actually being evicted from the nursing home. Excuse me. On the first issue, counsel, you said in this instance that the decision was actually prepared or proposed in Sangamon County. Is that essential to your view? In other words, under your view, would venue be proper wherever the ALJ mailed it? If she happened to be in Vermillion County, would Vermillion County be a proper venue? I assume so, but, you know, where the decision was actually made is not part of the record. Judge Appleton in his decision presumed that she went to her office in Springfield, wrote the decision, and it was mailed from Springfield. We have no idea where she actually was when it was mailed. But from the mailing itself, which is not that unusual, there are lots and lots of administrative review cases filed in Sangamon County, as the court knows. I mean, if you just look at this case, this was filed in September, and it's an MR 740-some case. You go to most counties, you know, other than Cook County, there are very few MR cases or administrative review cases actually filed. So it's not that unusual for Sangamon County, being the seat of government, to host administrative review cases. And as we suggested, many, many of the administrative review decisions that are actually made, you don't even know where the hearing took place. The decision emanated from Sangamon County, and, you know, whether it's the Secretary of State or some other agency, and then the administrative review is filed there, as are many of them, obviously Sangamon County and Cook County being the two major seats of government. So where it's mailed from is part of the process? Yes. Our position would be that, yes, it is indeed part of the process, because that's where the director's offices are in the seat of government in Sangamon County. And that's all we would know about where the decision emanated from. Presumably, in this case, it was a delegation to an assistant director, but normally it would be signed off by the director. And our position is that we would hope that it wasn't just a rubber stamp of the administrative law judge's recommendation that the director or assistant director actually deliberated on it. Now, isn't that, that seems to me to be part of a hearing or a proceeding. And if you look at the later edition of Black's Law Dictionary that we proffer, there are definitions which very plainly make holding, including such things as a judging or deciding a matter, as a matter of law, that's part of holding or held. Yes. This hearing was held in Palos Park, though. I mean, we know where the hearing was held. The ultimate hearing was held in Palos Park. There were preliminary things that were done by telephone, and the parties are scattered all over the state. And that's not unusual either in administrative provisions. So, you know, parties participated from a number of counties at various times when there are telephonic preliminaries, discovery matters, cutoffs, status hearings, and those kinds of things. So part of the proceeding in that fashion take place in a number of different places. But this particular hearing? The hearing itself, correct, where witnesses were adduced took place in Palos Park, which we acknowledge certainly is in Cook County. But the decision then emanated from Springfield, the seat of government, in that instance. So with that, we would urge that the court find and hold that if we give the legislature's words, their plain and ordinary meaning, any circuit court or any part of the proceeding, any part of the hearing, culminating in the decision took place, is a satisfactory venue, that Sangamon County was a satisfactory venue in this case. And I'll reserve the issues on whether or not subject matter jurisdiction is affected by addressing the defendants in their argument. So we'd ask that the court reverse on the issue of venue. Thank you. Thank you. Thank you, Chief Justice Garmon, and may it please the Court. My name is John Schmidt, and I'm an assistant attorney general for the state. I represent the Department of Public Health, its director, and its assistant director. I'm dividing time with Ms. McCracken, counsel for Holy Family Villa. We, Ms. McCracken, our clients agree on the first issue, that venue was not appropriate in Sangamon County. We respectfully disagree on the second issue. We believe that the, my clients believe that the consequence of an improper venue would not be dismissal. Ms. McCracken, representing Holy Family Villa, believes that dismissal is the proper consequence, and she'll, I'm sure, discuss that more later on. Indeed, Mr. Schmidt, you would have, it appears you would have had the appellate court just address the issue on the merits after first finding that venue wasn't proper. Is that right? That we would have had the appellate court address them, yes. And the remedy that you would propose now if we agree with the underlying issue that venue was not proper, would we be sending it back to that same appellate court? It would be, Your Honor. We think, as we pointed out in our brief, under the Code of Civil Procedure, the judgment would not be void. So it would not automatically be reversible simply because of an improper venue. And we think it does not serve the interests of judicial economy very well for the case to be heard to its conclusion in the circuit court, then go to the appellate court, and then have to start all over again in the circuit court. We believe if venue is that important an issue to a party, that the better route to take is to file a petition for leave to appeal under Rule 306A, if that's possible, or under 308, and have the appellate court hear the issue then and there. And then a 306A petition, if granted by the appellate court and heard by the appellate court, stays action in the trial court. So you're not having a situation where the circuit court in one venue, here's the case to its conclusion. And then the appellate court says, oops, wrong venue. Start all over again, Circuit Court of Cook County. And we just think that serves the interests of judicial economy better, Your Honor. One thing I would like to respectfully disagree with Mr. Young on, he says you're not often sure when and where hearings take place. Normally in administrative hearings are transcribed. That does provide, and in this case we do know, that the hearing took place in Cook County. So that does provide certainty. In most cases, and I won't say most cases, but in some cases you don't know where the agency decision was drafted. And the agency doesn't put that down in its decision. And sometimes with some decisions there are multiple agency personnel involved. It could be drafted partially in Chicago, partially in Springfield. That provides a very uncertain basis for venue. But we also think the appellate court, in terms of applying the language of Section 3104, got that correct. Looking at the language, the appellate court asked the question of whether retiring to an office and writing a decision was holding a proceeding. And I think the answer to that is no. I think to be holding a proceeding requires something more than deliberating. I think it's a situation where you're conducting something, presiding at something, convoking something, and where other people, such as the parties in the case, are present. And I think that provides a much more sensible reading. I think it's highly arbitrary. In this case, literally venue is being based on where the decision was mailed from, which does seem an awfully tenuous basis for venue. And this is something, too, that could facilitate forum shopping, as we point out in our brief. In this case, it's the nursing home patient that's advocating what we think is a tenuous basis. But what if it was the opposite? What if the department had ruled in favor of a nursing home, and the nursing home is dragging the patient to a distant venue and the patient might not have significant resources? So I think that should be a consideration as well. And, again, we think looking at the language of Section 3 of 104, the appellate court got this right. Whether the statute's considered unambiguous or ambiguous, if it's ambiguous, it should be construed in a sensible manner that avoids absurd results. So we would urge that the court affirm the appellate court on that issue. We also think the appellate court got it correct when it said that the result should not be dismissal for improper venue. Section provisions of the Code of Civil Procedure do apply under the administrative review law unless the review law states otherwise. And here the Code of Civil Procedure clearly states that actions are not dismissed for being filed in an improper venue. Holy Family Villa relies on language in Section 3104 saying that basically the court first acquiring jurisdiction in an administrative review action keeps it until there's a final disposition. But we don't think that language bars transfers of venue. It merely says that the case starts in the circuit court. The circuit court keeps jurisdiction. If it starts in the appellate court, as some administrative review actions do, it stays in the appellate court. If venue is transferred from one county to another within the circuit court, the circuit court has still kept jurisdiction. So we do not read that language from Section 3104 as a bar to transferring venue as Holy Family Villa apparently does. And Justice Thomas, your first question pointed out our third argument, which was that the appellate court here should not have, in the interest of judicial economy, shouldn't have sent this back to Cook County. It probably, we feel it should have just resolved the merits of the dispute. And I thank the court very much for its time. And we ask on the first two issues that the appellate court be affirmed, but that its decision be modified and the case be remanded to the appellate court for decision on the merits. Thank you. Thank you, Your Honor. Ms. McCracken? Good morning. May it please the court, I represent Holy Family Villa. We believe this case should be- Would you identify yourself, please? Amy McCracken, on behalf of Holy Family Villa. Thank you. Proceed. This case should be dismissed because mislepica filed in the wrong venue, which we believe is a step that is jurisdictional in administrative review cases. As you are aware, this case is a little unusual because the circuit court was not sitting as a trial court. It was sitting as an appellate court under special statutory jurisdiction. Thus, it was a court of limited jurisdiction. That's the distinguishing feature of this case over the vast majority of cases in the circuit court, and it's dispositive in this case. The proceedings in the circuit court were governed by the administrative review law. As this court explained in Fredman Brothers Furniture v. Department of Revenue, the procedure prescribed by the law must be strictly pursued or no jurisdiction is conferred on the circuit court. We believe that is what happened here. The administrative review law mandates that a party must seek review within the time and manner provided by the law or they shall be barred from obtaining judicial review of such administrative decision. That's a direct quote from the administrative review law. They, quote, shall be barred from obtaining judicial review of such administrative decision. Failure to appeal in the time and manner provided bars further review is jurisdictional. There are two prongs that must be complied with, time and manner. Looking at the time prong, Ms. Slepika complied, and that is not an issue in this case. It's the second prong, the manner prong, that we believe is the problem here. The manner is setting, is set forth in the various sections of the administrative review law, and it includes the who, what, when, where, and how of filing a complaint for administrative review. Who to name as a defendant and who to serve is identified in Section 3-107. What to file is identified in Section 3-103 and 3-108, which talk about the summons and complaint and the contents of the complaint. Where to file is the jurisdiction and venue provision in Section 3-104, which is the subject of this appeal. And how to serve is set forth in Section 3-105. The rules for who, what, where, when, and how of filing a complaint for administrative review law are defined in Section 3-106. In Section 3-106, there is a civil action for which the circuit court would have original jurisdiction. A civil action is governed by the Code of Civil Procedure. A complaint for administrative review is governed by the administrative review law. While some provisions of the Code do apply in these circumstances where there's a conflict, the administrative review law controls. Venue is one part of the manner of filing and it must be followed or no jurisdiction is conferred and judicial review is barred. Ms. Slepika did not file in the manner provided because she did not file in Cook County. That was a fatal error. While the Code of Civil Procedure does provide a cure for improper venue, such is not the case here. Section 3-104 of the administrative review law does say the court first acquiring jurisdiction of any action to review the final administrative decision shall have and retain jurisdiction until final disposition. This is the last sentence of Section 3-104 of the jurisdiction and venue provision at issue here. And note the interesting choice of words. It does not say the court first acquiring venue. It says the court first acquiring jurisdiction. This is because subject matter jurisdiction is only acquired if the individual seeking review files in the time and manner specified in the administrative review law. Ms. Slepika or her attorney knew that improper venue could not be cured in this situation. We know that they knew because in response to Holy Family Villa's motion to dismiss or to transfer the case to Cook County, she sought to strike the portion of the motion seeking transfer based upon Section 3-104, arguing that the case should be dismissed if venue was improper. We agree. It should have been dismissed at that point because the entirety of this case took place in Cook County. You know, the first sentence of 5-3-104 says jurisdiction to review final administrative decisions is vested in the circuit courts, and then it goes on and says if the venue of the action to review is expressly provided, and then finally the last sentence that you alluded to, does that have any relevance that it merely says jurisdiction is vested in the circuit courts and then talks about venue? I understand that it is vested in the circuit courts, but it identifies a specific circuit court. It identifies the court with regard to venue in that section. That is correct, but then it gives action. There's no situation under which venue could ever be corrected. If venue is not jurisdictional, then once the case is filed in any circuit court within the State of Illinois, if jurisdiction then attaches, the case could be filed anywhere, and there's no provision within the administrative review law to move the case, because once it's in a particular circuit court, venue has attached, and that court must retain jurisdiction of the case until final disposition of the action. And if that's the case, then you could file anywhere, and there's no remedy and no way to get it into the proper venue. Counsel, but the code, the civil procedure, does provide that an action in the wrong venue will not be abated or dismissed if there's a proper venue to which the cause may be transferred. So isn't that a remedy? I agree, but in this case, I believe that this section of the administrative review law says the case cannot be transferred. That's really what this is saying, that once venue has attached in a court, it stays in that court. So that would directly conflict with the section from the code of civil procedure which allows a transfer. Well, is there any language in the Administrative Review Act that explicitly rejects that theory? This one sentence is the closest that it comes to explicitly rejecting it. It doesn't reference that section specifically, but it does say shall have and retain jurisdiction. After consulting with her financial planner, Ms. Slepica stopped paying for her bill at Holy Family Villa, and she decided to file her case in Springfield rather than Cook County where the entire case took place. That was a strategic decision on her part, and we decided that we would not We don't know what the reasoning was behind her strategic decision, but now in order to justify that decision, as has been discussed, she believes that it's perhaps the assistant director retired to her office in Springfield in order to render that decision. Unfortunately, no one will ever know that, and the assistant director does have an office in Cook County. So it's entirely possible that the decision was written in Cook County. That one tenuous circumstance certainly cannot determine venue because it's unknowable by the parties. If Ms. Slepica's position is accepted by this Court, and the mere act that an agency official has an office in Springfield, and that's enough to give jurisdiction, then all cases for administrative review could be brought in Springfield. If the mailing of the decision can give rise to venue and jurisdiction, it would open the entire system up to form shopping and potential abuse because the case, the decision could be mailed from anywhere within the state, or perhaps even mailed somewhere from outside of the state. The who, what, when, where, and how for filing a complaint are mandatory, and this special statutory jurisdiction upon a trial court, a circuit court, that the statute must be strictly complied with. If the time frame is not complied with, there's no review. If you don't name the proper parties, there's no review. If you don't get summonses for the parties within a timely manner, there's no review. There's no reason to treat venue any differently. While there are cases in which venue has been an issue, the same rules that would apply to the other sections of the administrative review law apply here. The consequence for failing to follow the law is clear. Review is barred. Ms. Slepica chose to take a chance on a remote venue, and she must face the consequences of that strategic decision. And therefore, we ask that the case be dismissed, because the circuit court had no subject matter jurisdiction. Do you think the result that you're asking for is a bit harsh in light of the fact that regardless of how we rule on this venue statute, it's not the epitome of clarity, is it? It is certainly very, very clear that the case could have been filed in Cook County, and that would have been an appropriate venue. And what was unclear was taking a chance on a remote venue. And even though the results may be harsh, they're harsh in all of the other cases where the rules are not followed. And in this case, Ms. Slepica lost in the administrative level. She lost at the trial court level. And it was after that that she finally paid, and she will not be evicted from the nursing home for nonpayment. So, you know, to the extent that there is other issues that she may have, those could be between her and her lawyer. The decision that we make will affect more people than just the plaintiff in this case. Correct. And by going with a venue which is clear under the statute, it was quite obvious under all three prongs that Cook County was an appropriate venue. It was a risk that she took through her counsel to file in a remote venue. Thank you. Thank you, counsel. Thank you. Mr. Young? Thank you again. I trust it's been recognized that this is really the first time we've heard from the agency itself through counsel at this level. They have not participated at the circuit court level. They have not participated at the appellate court level. But they have at this level. Now, beyond that, counsel is absolutely correct. Administrative review is in the nature of an appellate proceeding. And there are cases out there that say things like form nonconvenience don't apply. And we've mentioned some of those cases. So the location of where the review is going to take place is not of such dire consequences suggested. You know, I can't help but denote that normally I would have argued this case in Springfield. But it was of no consequence to drive up here to argue the case because of the exigent circumstances I recognize the court has going on in Springfield. The issue of the hearing is also an interesting one. The statute, the legislature did not stop with the issue of hearing alone. It said hearing or proceeding. And again, this case amounts to an endless parsing of words by the courts. And the big fear is that depending on what the decision is, then every person seeking administrative review is suddenly going to be challenged on whether or not the center of gravity of his case was here or there or not. But when we look at proceeding itself and we look at the latest expression in Black's Law Dictionary, it talks about the regular and orderly progression of a lawsuit including all acts and events between the time of commencement and the entry of judgment. Any procedural means for seeking redress from a tribunal or agency. A step, act or step that is part of the larger action. I mean the statute reads, the legislature chose the words any court or any part of the proceeding or hearing culminating in the decision was held. That is about as broad and generous I think as you can get. So again, it's our hope that we're not going to come up with a decision where everyone seeking administrative review is suddenly faced with having to prove some issue of fact, whether or not where all the parties were at the time of the hearing when increasingly I think as we all recognize these proceedings are held telephonically. And so there is that caution I would ask the court to take into account that if we're not careful, every case is going to be preceded by some skirmishes about where the issue should be. And I think that would put us in a position of form shopping on steroids. I think it still just comes down to we're stuck with what the legislature said. And if we give the legislative words their plain meaning and read it all in harmony, the clear fact of the matter is that a part of this proceeding took place in Springfield and that venue was appropriate. So if the court determines that no, we should look for other ways to determine that there be venue, I certainly would ask that the court affirm the appellate court in finding and holding, as Justice Carmeier recognized, the grant is to jurisdiction is to the circuit courts. And so the circuit courts have jurisdiction regardless of where it's filed. There is a proper venue if you hold that Sangamon County was an impermissible venue. It's Cook County, and therefore the penalty or the consequence of an impermissible venue would be exceedingly troublesome by dismissing Mrs. Schlepika's review in its entirety. So we'd ask that the court find and hold the venue was appropriate. In that instance, you're really proposing the same thing as Mr. Schmidt, back to the appellate court? Not necessarily. The appellate court vacated the circuit court's position. The circuit court held against Mrs. Schlepika ultimately. So it's our position if it's going to be sent to Cook County, we get to start over, because that's what the statute says. I think Mr. Schmidt's position is it doesn't go to Cook County in this instance. Well, I wouldn't have any trouble with that at all if the court says, well, in this case for sure, it should go back to the 4th District and the court should hear it on its merits and make a determination on its merits. Certainly that's what we were seeking after in the first instance. I don't want to put words in Mr. Schmidt's mouth, but I think that's what he said. Yeah, I wasn't sure whether he was saying that or it should be transferred to a different appellate court or something. I'm not sure, but thank you. Thank you. Thank you. Case number 116927, Schlepika v. State of Illinois, is taken under advisement as agenda number 10. Mr. Young and Mr. Schmidt and Ms. McCracken, you are excused at this time. Thank you for your arguments today.